The court called the next case, please. Case number 316-0402, Carl Crampton v. Jody Gordon-Eddow Appellant v. Philip Kennedy v. William Crampton Appellate v. Tiffany Morgan Mr. Kennedy May it please the court and worthy counsel, in this case the circuit court dismissed our petition to set aside a trust made by the mother of plaintiffs and defendants. The circuit court held that plaintiffs had not pled with sufficient detail the existence of a fiduciary relationship between the decedent and defendant, Robert Crampton, to set forth a cause of action for undue influence. On review, all of the necessary allegations were set forth in the complaint. Crampton lived with the decedent to help with her business and health care matters. He was dominant and she dependent. The decedent had a joint bank account with Robert. Robert used the PIN number on the account to make withdrawals and deposits.  Therefore, Robert handled money that was not his. He provided transportation for shopping appointments and banking. In exercise of this dominant position, he hired a lawyer to draft a trust giving him all of the property. In addition, he sat next to his mother at the execution of the documents and received the entire estate to the entire exclusion of his siblings. Our allegations clearly meet that which is set forth in the case of In re Baumgarten, which the trial court used as a basis for dismissing our case. Baumgarten says, what do we need? Baumgartner says, Baumgarten says, the prima facie elements of a case for undue influence are a fiduciary relationship between the testator and a comparatively disproportionate beneficiary under the will. We certainly have that. The testator who is in a dependent situation where the beneficiary was a dominant role. She apparently needed him because he lived with her from 2005 to the date of her death, presumably to provide her with care and assistance. She obviously placed trust and confidence in him because he was handling her money and participated in the creation and execution of the will. And so we go back and how do we match that up? The allegations of the complaint clearly meet these requirements. In paragraphs 4, 6, and 7 of the complaint, it is alleged that the decedent lived with Robert for almost 10 years. He lived with her to aid in her business and health matters. In paragraphs 4, 6, and 7 of the complaint, Robert handled money for the decedent. Robert and the decedent maintained a joint account into which only the decedent's money was deposited. Paragraphs 5 and 6 of the complaint. Robert secured the services of a lawyer and resulted in a trust being drafted giving him the entire estate to the exclusion of about four of his siblings and a share for one of the deceased siblings. Robert handled money. There were specific allegations of how he handled money. He had her PIN number. He had access to her account. He made banking transactions for her. Baumgartner cites a case called the Lobosik. Baumgartner states that when a person handles money that is not his own or for his own benefit but for the benefit of another, he has a fiduciary duty to the person whose money he handles. Obviously, that is the situation here. Presuming that all well-pled facts are true as is required under 2-615 motion. Along that line, this was a 2-615 motion, was it not? Correct. But there were affidavits and counter-affidavits on a 2-615 motion. What was that all about? I don't know. I only filed affidavits in response because if you don't answer an affidavit, it's presumed true. I thought that, and I tried to make it clear to the trial court that you look at my pleadings and unless something is grossly, factually in error, you have to move forward to a trial phase to ferret out what the facts truly are. If I recite enough facts to set forth a cause of action, presumably my complaint is not supposed to be reversed unless there is no way I can get relief based upon the facts played. Well, okay. And then along that line, in an undue influence, are you required to plead facts to explain just specifically how it was that the fiduciary overcame the free will of the testator? Yes, and I did. Okay.  He hired a lawyer. He had control of her money, and he, by hiring a lawyer and substituting, where he gets an estate to the exclusion of five other siblings, the entire estate, he's obviously exercised undue influence. And as a matter of fact, a case cited in my very extensive versus Wintercorn, where one procures the execution of a will largely benefiting him in the absence of others having a legal claim on the estate of the testator who is enfeebled by age, is faced with the presumption of undue influence. By the mere fact that he pled, he was present at the will execution. It creates a presumption of undue influence. Therefore, now, we are to plead our own effects. We're not supposed to plead evidence, as in, on such and such a day, something happened or... Furthermore, the case of DeMatteo compels reversal of the trial court. In DeMatteo, defendant argued that plaintiff failed to allege a fiduciary duty. In that case, the gentleman who allegedly exercised undue influence had nowhere near as clear and as well-defined a duty. What he did was mislead the testator, and the testator changed his will. Those are lots thinner facts. But to that, the court said that a motion to dismiss should not be granted as long as a good cause of action is stated. We pled each and every element that was necessary to plead a cause of action for undue influence. And I think it's very well... It's frequently cited that a cause of action should not be dismissed on the pleadings unless it clearly appears there's no set of facts that could be proven which would entitle plaintiff to relief. Again, I go back to Spenson v. Wintercourt, where one who procures the execution of a will largely benefiting him in the absence of others, having a legal claim on the largest of the testator, who is enfeebled by age and disease, is faced with the presumption of undue influence, even in absence of fiduciary duty. Having said all that, I am comfortable telling you that our petition sets forth all of the requisite allegations for a cause of action for undue influence. It also sets forth facts creating a presumption of undue influence. Defendant has serious flaws in their brief. There was stated throughout the brief that we pled facts in our complaint on information and belief. She cites De Matteo, who says that facts pled on information and belief are not truly ultimate facts, because we're not willing to swear to the fact that those facts exist. We had no plea... We pled nothing on information and belief. We pled what we thought were facts sufficient to state the existence of a fiduciary duty. He had control of her life by taking care of her. Court references affidavits. He told, in 2005, when the defendant was convicted of some sort of offense, that he couldn't go to jail because he had to stay home and take care of his mother. Well, obviously, she needed care, by his own admission. So, and then, defendants misstate Baumgartner. Baumgartner, they say we don't sufficiently plead a fiduciary duty. However, Baumgartner makes it abundantly clear that a fiduciary duty arises when one handles the money of another. That's the very words that they used in the Baumgartner decision. Counsel has two minutes. Thank you. Defendants seem to think that we're supposed to plead evidentiary facts. And in other places in their brief, they plead that that is not necessary. We're supposed to plead ultimate facts. We've pled the existence of a fiduciary duty, the existence of a dominant subordinate relationship, the undue influence exercised by one who is present at the execution of a will. In summary, we've met the standards set forth in Baumgartner. There was a fiduciary duty. Testator was dependent on Robert, placed trust in him, and the will was executed in Robert's presence. I don't think I could have done a better job of stating ultimate facts. It is, it's often said no claim or no petition should be dismissed if it states a cognizable cause of action. Even though subtle elements are not present. We did that. We asked for reversal of the trial court. Thank you. Thank you. Ms. Morgan. May it please the court. Good afternoon, Your Honors. Counsel. At my counsel table is Attorney Walton Pilgus. You've heard the plaintiffs argue that Ruth relied on her son, Robert, for her needs, her medical needs, her business needs. That simply was not the case. Ruth was a widow. She lived on the property in Whiteside County, Illinois. Hold on just a second. But just so we're clear, we're here on the pleadings, right? That's correct. And so we're not here about, you know, the evidence. But, I mean, is it the issue before us whether the complaint pled facts upon which the stated cause of action and whether those factual allegations made are true or not is for another day, isn't it? You're correct, Your Honor. Yes. So plaintiffs allude that they did make enough facts to go on with this matter. However, in Baumgarten, the court ruled that the pleading of undue influence in a will contest must contain specific recital of the manner in which a free will of the testator was impaired at the time the instrument was executed. Plaintiffs have not pleaded those specific recitals of facts. What they've pleaded are conclusions and speculations. Well, he, and whether, I'll let you argue whether it's enough or not, but he did plead that the defendant hired the lawyer and that the defendant was present at the signing. And with other things, but as far as, I mean, is that enough? In addition to handling the money, do you dispute whether or not he, maybe we narrow this down, do you dispute whether or not the pleadings even established a fiduciary relationship? We do dispute that. We dispute that the pleadings did not establish that fiduciary relationship. They plead that because he lived with his mother, there was that fiduciary relationship. Because he handled the mother's money, there was that fiduciary duty. However, we plead that's not the case. We plead... That's a denial. But what they're pleading is... On a 2-6-15, you just look at whether the complaint states a cause of action. And whether they've pled enough to... Now, the 2-6-19 is, you know, if you say, gee, there's affirmative facts out here, law that would, even if everything they say is true, they lose anything. Because there's some affirmative defense or some aspect of the law that does it. But I guess what I don't understand about this case was you've got a 2-6-15 motion to dismiss, and then you've got counter affidavits flying around. I think the reason the counter affidavits were flying around is because the facts that they did allege were so grossly in error that the affidavits were the only thing that we could do to dispute those errors. They weren't pleading facts, they were pleading conclusions. So we did those affidavits in order to counteract their conclusions, which they did not dispute, and in fact, they filed their own counter affidavits. Well, give me an example of a conclusion. A conclusion is that Robert had her PIN number. That's a fact. A fact would be what is her PIN number. I don't know if it's true or not, but it's a factual allegation. Robert had her PIN number. Isn't that an allegation of fact? I think that's a speculation, because if you're going to have a bank account, you have a PIN number. So he speculated that there was a PIN number. A fact would be this is where the bank is, and this is the PIN number that they've used. If I say I got $5 from my wallet, even though it's probably not true, that nonetheless is an allegation of fact. It's an allegation of fact. Let's say the truth-finding process goes as the next step. There can be motions for summary judgment, there can be all of a sudden. But the issue before the trial court, and correct me if I'm wrong, was did this complaint state a cause of action for undue influence? I believe the trial court had it correct when they said that there were not enough facts, pleading evidence to continue with this case, because those facts that they were pleading in actuality are just broad, bold-faced conclusions. They are not actual facts that we can prove down the line in the later trial. They were just mere conclusions, bold-faced allegations and speculations of what happened. Down the road, he could prove whether or not, or disprove something, whether or not your client had the PIN number, for example. He could prove whether or not, prove or not prove, that the defendant hired the lawyer to write the new will, and that he was present and had influence on how that will was written. I mean, aren't those matters that are questions of facts? And do you really get into that? And I understand your position. Hey, what they say is not true. I get that. But I'm just thinking that doesn't seem to be the appropriate discussion on a 2-6-15 motion to dismiss. And I understand what you're saying as well, but the fact that when they plead that the fact that our client hired the attorney, again, that's not a fact. That's a speculation. Well, it is. It's a statement of fact. A did B. A did this. Now, if it turns out that that's not true, and it is made recklessly and with no basis in fact, no reasonable belief that that were true when they said it, there's avenues to take care of that. There's sanctions. There's all kinds of goodies that can happen when somebody makes an allegation of fact which they had no cause or reason to believe was true when they made it. And then, you know, because it could be argued as a fraud on the court, there's places in the code of civil procedure to deal with reckless or knowing misrepresentations of facts that are pleading. Right. And Illinois is a facts-pleading state. So the fact that the facts need to be concise, and they need to be able to be shown as a fact rather than a mere conclusion, and the court should not accept those mere conclusions as true in this kind of motion. Well, we're required to on a case. In fact, that's exactly what the court is required to do. I'm on a 2-6-15 is accept every allegation of fact as true to determine whether or not the complaint states a cause of action. Now, oftentimes, I spent 20 years defending civil lawsuits all over the place. So oftentimes, as the case moves on, point out either to a judge or ultimately to a jury, you know, they pled this, but it ain't so. It's not true. We can show you it's not true. And that's why we win. I think it all comes back down to whether what they pled were those facts and that Illinois takes those facts as true. Again, our position is that those facts that they pled are not actually facts. They're just speculations. They're conclusions. They don't rise to the level of stating that this is a fact. This is a fact that we know is to be true. It's a mother-son relationship. There was no undue influence in this matter. You know, he lived on the property in a trailer by himself for the majority of the years that she was alive. It wasn't until the very end of her life that he moved into her residence when she had cancer. Again, it's just a mother-son relationship. The facts that they pled that he had the bank account PIN number or that he hired the attorney, they're just speculations. They're conclusions. There is no fact to support those. Well, in most cases, I think what you're trying to say is that there aren't any specific instances that are recited that would demonstrate how the undue influence came to be. But isn't DeHart saying that there are circumstances where that type of undue influence can be presumed? And isn't that exactly what they're saying is, you know, because he was there when the will was signed, because he was living with his mother and she was older, and because obviously he got more out of the will than the others, that those things happening just create the presumption. I believe that's what the plaintiffs are saying, that that created the presumption. But we're arguing that there is no presumption of that undue influence because of those matters. The fact that they argue that he lived with the mother and she was older or that she had the PIN accounts, it doesn't make it a fiduciary duty relationship. I think DeMato, is that the case? DeMateo, yeah. DeMateo stated that that would be like a doctor-patient relationship or lawyer-client relationship that would automatically create that relationship of fiduciary duty. This is a mother-son relationship. He was the only one who would shovel the snow at the house or trim the trees. Just because he did what she asked of him does not mean that there is a fiduciary duty. And I believe plaintiffs have not pled the facts that lead to us showing that there was a fiduciary duty to do so. All in all, plaintiffs have pled a lot of conclusions. There's been a lot of speculation. There's no solid facts for this motion to not be denied. All in all, the facts do not go towards the elements to show the undue influence. Plaintiffs have made allegations on information and belief, and they've created hypothetical situations that could be facts to support their claims. The law encourages people to take care of their parents, and by merely doing so, it does not constitute the undue influence claim. What claims were made on information and belief? I believe the hiring the lawyer. In their brief, they stated that Robert was good at the Internet and that Ruth was not. Well, but this is evidence. But in their pleading, they said Robert hired the lawyer. Now, whether it's true or not, it is nonetheless an allegation of fact. We don't know whether it's true. But the question, again on a 2-6-15 motion, is does the complaint allege facts sufficient to state a cause of action, a recognized cause of action? And whether or not, and how do we know? And for that matter, how does the trial judge know who's telling the truth? And that's why I was confused about the counter affidavits flying around on a 2-6-15 motion. Normally, it's just, is this state a cause of action under the law? You can say, Judge, that's all lies. And then the judge says, well, that's for another day. I don't know whether it's truth or lies, but there's allegations of fact here. And so, let's move on. And then you deny, then you answer that complaint, and then Robert hired the lawyer, deny. I mean, that's normally how it works. I think those allegations, again, are just conclusions. They're not facts. They're conclusions that, you know, he hired the lawyer, period. That's just a conclusion. That we are required to take as true. On a 2-6-15, we assume the truth of any well-pled allegations. And that's what that is. Okay. Again, they allege the fiduciary duty of the complaint. The allegations, what they've alleged are allegations, conclusions. I don't see any specific facts that would make any of them true. Again, you say you take Illinois as a fact-pitting state, you take them true on their face, but there are not facts that have been pled, they're just conclusions. So, I ask that the appellate court should affirm the trial court's decision. Any other questions? Thank you. Thank you. Mr. Koenig, any rebuttal? Yes. Thank you. The appendix sets forth a copy of my amended complaint to set aside a trust. There are 12, wait, no more, there's more. There are 13 paragraphs wherein we set forth our cause of action, such as we did. Nowhere in this complaint are used the words on information and belief. Nowhere. I did not plead anything on information and belief. I believe when I set forth a fact, Jonah got swallowed by the whale. Now, we have argued that for, I guess, a millennium, and yet that is an ultimate fact to be disproved or proved when the time occurs to present evidence. I made plain factual representations. I set forth the basis of the fiduciary duty, the management of money. I set forth facts that indicate the dominant subservient relationship. The guy lived with his mother, allegedly, to take care of her for 10 years. She relied upon him for transportation to her various appointments. He had access to money that was only hers. That is, he handled money. Specifically, what the Baumgarten case says creates a fiduciary relationship. In using that dominance and ability to influence her, he secured the services of a lawyer. If that weren't dominant, the mother would have looked at him and said, I'll hire my own lawyer, instead of adhering to... Well, at this stage of the game, we don't know who hired the lawyer. Exactly. But I'm just saying that we didn't plead something that shows the removal of her free will. Obviously, that's such a fact. He was present when the trust deed and will were signed. I've already been over that. That creates a presumption of undue influence, even in absence of a fiduciary relationship. They have no problem responding to whether the facts stated in our complaint are true or false. They are not speculation. They are ultimate facts. They can either admit them or deny them, or bring a motion for summary judgment with appropriate affidavits or other forms of evidence to disprove the allegation. We have stated a cause of action. I'd like to think I'll be, you know, should you reverse the trial court and we get an opportunity to try the case, I'd like to think I can prove each and every one of the allegations, but we don't know what people are going to say when we attempt to prove this. Thank you. Therefore, there is no speculation. The truth of the matter will be determined at a later date. We've stated a cause of action. We've pledged specific facts by which a fiduciary relationship was created and existed. We've provided allegations of the forms of under-influence and the basis for the domino relationship and the fact that her free will was substituted by his. I think it's abundantly clear this case should be reversed and sent back to be dealt with in accordance with your opinions. Thank you. Thank you, Mr. Koenig. We thank both of you for your arguments this afternoon. We'll take the matter under advisement and we'll issue a written decision as quickly as possible. The court will stand in recess for a panel change. Please rise. This court stands in recess.